IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **BRIDGET CASTILLE** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 1:19-CV-75** |
| | § | |
| | § | **JUDGE MARCIA A. CRONE** |
| **INVISTA, S.a.r.l,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRIDGET CASTILLE, Plaintiff herein, and files this her First Amended Original Complaint, and in support thereof, would respectfully show unto the Court the following:

**I.   Parties**

1.   Plaintiff is a resident citizen of Alexandria, Rapides Parish, Louisiana. At the time of the incident made the basis of this claim, Plaintiff was a resident citizen of Orange, Orange County, Texas.

2.   Defendant, INVISTA, S.a.r.l., is a company registered in the state of Kansas and has previously entered its appearance.

**II.   Jurisdiction and Venue**

4.   This case was originally filed on January 10, 2019 in the 163rd Judicial District Court, Orange County, Texas. It was removed to federal court by Defendant, INVISTA, S.a.r.l., on February 13, 2019. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1332 (diversity jurisdiction).

**III.    Facts.**

5.    Plaintiff, BRIDGET CASTILLE, alleges that Defendant, INVISTA, S.a.r.l., is the owner of certain real property located at 3055 FM Road 1006, Orange, Orange County, Texas 77630.  Plaintiff alleges that she sustained injuries on or about July 27, 2018.  On that date, Plaintiff alleges that she was working in the course and scope of her employment for McLemore Building Maintenance.  Plaintiff was employed as a custodian.  Plaintiff alleges that as part of her job duties, she was directed to clean a modular building that is owned and/or controlled by the Defendant.  Plaintiff alleges that the modular building was located on the premises of the Defendant, INVISTA, S.a.r.l., and was utilized by contractors.  Plaintiff alleges that while she was in the process of performing her duties, the floor underneath her feet suddenly and without warning collapsed which proximately caused Plaintiff to partially fall through the floor.  Plaintiff alleges that as a result of the fall, she sustained injuries to her right knee, right hip, and spine.  Plaintiff alleges that the floor in question was defective.  Plaintiff alleges that the deflective floor constituted an unreasonably dangerous condition.  Plaintiff alleges that at no time was she warned of the existence of any dangerous condition.  Plaintiff, BRIDGET CASTILLE, alleges that she was a business invitee when she received her injuries.

6.    Plaintiff alleges that the Defendant had actual knowledge of the dangerous floor condition.  Specifically, Plaintiff alleges that the Defendant was aware of similar "soft flooring" in the modular building in question and in similar modular buildings and that the Defendant had same repaired, all before the date that the Plaintiff was injured.

**IV.    Causes of Action.**

7.    Plaintiff alleges that the Defendant, INVISTA, S.a.r.l., owed to her a duty of ordinary care including a duty to inspect the premises to discover any unreasonably

dangerous condition(s), and if such condition(s) were found, to either correct the dangerous condition(s) or warn of its existence. Plaintiff alleges that the defective floor in question constituted a latent, unreasonably dangerous condition, which proximately caused injuries and damages to her. Plaintiff brings a cause of action against the Defendant under both a theory of premises liability and ordinary common law negligence.

      8.      Plaintiff alleges that the premises where the occurrence made the basis of this claim occurred, where owned and/or controlled by the Defendant, INVISTA, S.a.r.l. Plaintiff alleges that various regulations promulgated by the Occupational Safety and Health Administration ("OSHA"), apply to the premises and apply to the incident herein. In particular, Plaintiff alleges that Sections 1910.22(a),1910.22(b),1910.22(d)(1), 1910.22(d)(2), and 1910.22(d)(3), in part, establish the applicable standard of care for the incident made the basis of this claim.

**V.**    **Damages.**

      9.      As a direct and proximate result of the Defendant's negligence and premises liability, Plaintiff, BRIDGET CASTILLE, has suffered injuries including, but not limited to, injuries to her right knee, right hip, spine, and body in general. Plaintiff, BRIDGET CASTILLE, has suffered physical pain, suffering, mental anguish, and physical impairment, and in all probability, Plaintiff, BRIDGET CASTILLE, will continue to suffer in this manner for an indefinite time in the future, if not for the balance of her natural life. Plaintiff seeks a recovery for her physical pain, suffering, mental anguish, and physical impairment, both past and future.

      10.      Plaintiff would further show that as a direct and proximate result of the negligence of the Defendant, Plaintiff, has incurred medical expenses for reasonable and necessary medical care and treatment in the past, and in all probability, will continue to incur medical expenses in connection with his injuries for an undetermined length of time in the

future, if not for the duration of her natural life.  Accordingly, Plaintiff, BRIDGET CASTILLE, sues for the recovery of both her past and future medical expenses.

11.    Plaintiff would further show that as a direct and proximate result of the negligence of the Defendant, Plaintiff, BRIDGET CASTILLE, has incurred damages in the form of loss of wages in the past, and in all probability, will continue to incur wage losses into the future, if not for the duration of her work life history.  Plaintiff brings a claim for damages for her past wages and loss of wage earning capacity in the future.

12.    Plaintiff sues for both pre-judgment and post-judgment interest thereon to the maximum extent provided by law.

13.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial hereof, that Plaintiff have judgment against the Defendant, INVISTA, S.a.r.l., pursuant to the above and foregoing allegations, in such amounts as hereinabove set out, and as the evidence may show proper at the time of trial, together with pre-judgment and post-judgment interest thereon at the highest legal rate, costs of court, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

MOORE LANDREY, LLP


***/s/ Tommy L. Yeates***
Tommy L. Yeates
Texas Bar Association No. 22151100
tyeates@moorelandrey.com
Jon B. Burmeister
Texas Bar Association No. 03425500
jburmeister@moorelandrey.com
905 Orleans Street
Beaumont, Texas 77701
Telephone:   (409) 835-3891
Facsimile:    (409) 835-2707

ATTORNEYS FOR PLAINTIFF


## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically e-filed the foregoing document with the Clerk of Court using CM/ECF and that a true and correct copy of the foregoing document was served on all counsel of record via electronic delivery and/or certified mail, return receipt requested, on this  28th  day of July, 2020.

***/s/ Tommy L. Yeates***
Tommy L. Yeates